# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| E.S.M. on his own behalf and on behalf of his minor child, H.S.S.,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. CV-21-29-TUC-JAS<br><br>**ORDER GRANTING MOTION TO PROCEED UNDER A PSEUDONYM AND FOR A PROTECTIVE ORDER** |

Upon consideration of the Plaintiff's Motion to Proceed Under a Pseudonym and for a Protective Order,

**IT IS ORDERED** that the Motion is **granted**. Accordingly:

1. Plaintiff is granted leave to proceed in this matter under a pseudonym;

2. Defendant shall not publicly disclose the name or personally identifying information of Plaintiff; and

3. All parties shall submit pleadings, briefing, and evidence using Plaintiff's pseudonym instead of his real name and other personally identifying information.

E.S.M. ("Plaintiff")[1] requests this Court's leave to proceed under the pseudonym Eliot to protect his identity from public disclosure.[2] Plaintiff also moves the Court to order the United States ("Defendant")—which already knows Plaintiff's full name[3]—to maintain the confidentiality of Plaintiff's identity by using only a pseudonym in all of its filings, including all exhibits in which Plaintiff's name appears. Plaintiff will disclose his identity to the Court.

**INTRODUCTION**

Plaintiff is a father of a minor child who fled violence and persecution in Guatemala to seek asylum in the United States, only to encounter deliberately inflicted trauma when federal officials forcibly separated him from his child soon after he and his child arrived in this country. Plaintiff is a victim of a policy whose goal was to cause harm, instill fear, and deter other parents and children from seeking asylum in the United States. The Complaint describes the trauma and anguish Plaintiff suffered when the United States took away his child, failed to give him basic information about his child's whereabouts and well-being, and failed to reunite him with his child for months. Because of Defendant's actions, Plaintiff suffered—and continues to suffer—severe physical, psychological, and emotional distress. Plaintiff now seeks compensation for the extraordinary harms he and his child endured.

Allowing Plaintiff to proceed under a pseudonym is necessary to protect his highly sensitive and personal information, including information relating to Plaintiff's mental health and immigration status. Because Plaintiff does not seek to withhold his identity from the government, granting this motion would cause no prejudice to Defendant.

---

[1] Plaintiff E.S.M. brings this action on his own behalf and on behalf of his minor child. Because Federal Rule of Civil Procedure 5.2(a) already requires redaction of the names of minor children, this Motion seeks protection only for E.S.M.

[2] As reflected in Plaintiff's Complaint, Plaintiff proposed that E.S.M. be referred to by the pseudonym Eliot.

[3] Plaintiff disclosed his full name to the relevant government agencies in his administrative claims filed pursuant to 28 U.S.C. § 2401(b).

Moreover, Plaintiff's need for privacy outweighs the public's interest in knowing his identity. Indeed, the public interest in this case weighs heavily in favor of granting Plaintiff's motion.

## ARGUMENT

### I. Courts Regularly Allow Plaintiffs to Proceed Under Pseudonyms Where Circumstances Justify Secrecy

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires complaints to include the names of all parties, it is well-established that federal courts have discretion to permit parties to proceed under pseudonyms "when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) ("*Advanced Textile*") (collecting cases). Courts permit pseudonyms in cases where "anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." *Id.* at 1068 (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). In considering whether to allow a plaintiff to proceed anonymously, courts must determine whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.*

Courts regularly allow plaintiffs to use pseudonyms where, as here, the plaintiffs' mental health conditions are a principal issue in the case. *See, e.g.*, *Doe v. Colautti*, 592 F.2d 704, 705 (3d Cir. 1979); *Doe v. Sessions*, No. 18-CV-0004, 2018 WL 4637014, at *4-5 (D.D.C. Sept. 27, 2018) (allowing use of pseudonym to protect the plaintiff from disclosing his mental health conditions and Asperger's diagnosis and to prevent further trauma to the plaintiff); *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (permitting pseudonymous filing where the plaintiff's mental health was "directly tied to the subject matter of the litigation"). The constitutional privacy interest in protecting sensitive personal matters such as medical information is well-established. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998) (collecting cases); *U.S. v. Curran*, No. CR-06-0227, 2006 WL 1159855, at *5 (D. Ariz.

May 2, 2006) (noting that "medical and psychological records are entitled to greater protections than other information . . . due to the stigma attached to mental illness").

Courts have also determined that immigration status is sufficiently sensitive and personal in nature to justify the use of pseudonyms. *See, e.g.*, *Hispanic Interest Coal. of Ala. v. Governor of Ala.*, 691 F.3d 1236, 1247 n.8 (11th Cir. 2012) (collecting cases); *Lozano v. City of Hazleton*, 620 F.3d 170, 195 (3d Cir. 2010) (affirming district court's order permitting use of pseudonyms where plaintiffs, "because of their unlawful status, would face an 'exponentially greater' risk of harassment, and even physical danger, if their identities were revealed") (quoting *Lozano v. City of Hazleton*, 496 F. Supp. 2d 477, 510 (M.D. Pa. 2007) *vacated on other grounds sub nom. City of Hazleton, Pa. v. Lozano*, 563 U.S. 1030 (2011)); *cf. Int'l Refugee Assistance Project v. Trump*, No. 17-CV-0361, 2017 WL 818255, at *2 (D. Md. Mar. 1, 2017) (granting motion to proceed under pseudonyms in part to protect plaintiffs' relatives' "problematic immigration status").

Moreover, numerous courts have allowed asylum seekers to proceed anonymously, especially when they risk facing violence in their country of origin, as Plaintiff does. *See, e.g.*, *Doe v. Holder*, 736 F.3d 871, 872 n.1 (9th Cir. 2013) (allowing pseudonyms because of fear of "harassment, injury, ridicule and personal embarrassment" both in the United States and Russia); *Doe v. Gonzales*, 484 F.3d 445, 446 (7th Cir. 2007) (permitting plaintiff to proceed under a pseudonym "because of [plaintiff's] fear that if he is returned to El Salvador he will be killed"); *Doe v. U.S. Immigr. and Naturalization Serv.*, 867 F.2d 285, 286 n.1 (6th Cir. 1989); *Al Otro Lado, Inc. v. Nielsen*, No. 17-CV-2366, 2017 WL 6541446, at *3-6 (S.D. Cal. Dec. 20, 2017); *A.B.T. v. U.S. Citizenship & Immigration Servs.*, No. 11-CV-2108, 2012 WL 2995064, at *6 (W.D. Wash. July 20, 2012). Indeed, in recognition of the highly sensitive, private nature of this information, federal law and policy mandates that information concerning asylum proceedings, including the fact that an individual has applied for asylum, remains confidential. *See, e.g.*, 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records). The Department of Homeland Security has

acknowledged the importance of these confidentiality regulations to the future safety of asylum applicants:

> [C]onfidentiality regulations are of utmost importance in protecting asylum applicants because the "regulations safeguard information that, if disclosed publicly, could subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of claimant's family members who may still be residing in the country of origin."

*Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008) (quoting *U.S. Customs & Immigr. Servs. Asylum Div., U.S. Dep't of Homeland Sec., Fact Sheet: Federal Regulations Protecting the Confidentiality of Asylum Applicants* (2005)).

Other courts have allowed similarly vulnerable plaintiffs to proceed anonymously to protect their privacy. *See, e.g.*, *Alexander v. Falk*, No. 16-CV-2268, 2017 WL 3749573, at *5 (D. Nev. Aug. 30, 2017) (allowing plaintiff authors to proceed using professional pseudonyms where litigation involved defamatory statements regarding marital infidelity); *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993-95 (N.D. Cal. 2015) (allowing exotic dancers to proceed pseudonymously for privacy and safety reasons); *Doe v. Penzato*, No. 10-CV-5154, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (allowing victim of human trafficking to proceed anonymously because the litigation involved "matters of a highly sensitive and personal nature to her") (citation omitted).

**II.     The Court Should Grant Plaintiff's Motion to Proceed Under a Pseudonym**

   **A.     Plaintiff Seeks to Preserve Privacy in a Sensitive and Highly Personal Matter**

Plaintiff's claims center on the substantial psychological and emotional trauma he suffered—and continues to suffer—as a result of Defendant's forcible separation of Plaintiff from his child, Defendant's failure to give Plaintiff basic information about his child's whereabouts and well-being for weeks, and its failure to reunite Plaintiff with his child for months. The litigation necessarily will require disclosure of Plaintiff's private

mental and physical health information. Plaintiff's Complaint details the disturbing circumstances of his forced separation from his child, as well as Plaintiff's and his child's mental health conditions. *See, e.g.*, Compl. ¶¶ 15-16, 68-124.

Plaintiff has significant interests in the privacy of his mental health information, which could be stigmatizing and risks further traumatizing him if publicly disclosed. *See, e.g.*, *Penzato*, 2011 WL 1833007, at *3 (allowing use of pseudonym where litigation involved "the emotional and psychological impact" of being a victim of human trafficking and where "publication of [plaintiff's] name would open her to inquiries from the press and other interested individuals," compromising her ability to recover from her trauma).

In addition, Plaintiff has applied for, but has not been granted, asylum, and therefore he "presently ha[s] a problematic immigration status that, if disclosed, could dissuade . . . [him] from pursuing [his] rights in court." *Int'l Refugee Assistance Project*, 2017 WL 818255, at *2. Numerous courts have allowed asylum applicants, like Plaintiff, to proceed anonymously in recognition of their need for confidentiality. *See, e.g.*, *Holder*, 736 F.3d at 872 n.1; *Gonzales* 484 F.3d at 446; *Al Otro Lado*, 2017 WL 6541446, at *3-6; *A.B.T.*, 2012 WL 2995064, at *6.

Moreover, permitting Plaintiff to proceed under a pseudonym will ensure his child's identity is protected. While Federal Rule of Civil Procedure 5.2(a) requires redaction of minors' names, in recognition of the importance of protecting the privacy of minors, protecting the privacy of Plaintiff's child is even more critical here given the highly sensitive and personal subject matter at issue. Plaintiff's claims are based in part on the trauma and abuse suffered by his child as a result of being separated from Plaintiff, and the Complaint details the child's ensuing mental health conditions. *See, e.g.*, Compl. ¶¶ 15, 121-122. Revealing Plaintiff's name risks exposing sufficient information to allow members of the public, media, or others to uncover the identity of Plaintiff's child, and would thus undermine the objectives of Rule 5.2(a). *See Doe v. Heritage Acad., Inc.*, No.

16-CV-3001, 2017 WL 6001481, at *10 (D. Ariz. June 9, 2017) (allowing parent to proceed using initials to protect identity of minor child).[4]

### B. Defendant Will Not Be Prejudiced by Plaintiff's Use of a Pseudonym in Publicly Filed Documents

Granting Plaintiff's request to proceed under pseudonyms will not prejudice Defendant's "ability to litigate the case." *Advanced Textile*, 214 F.3d at 1069. All that Plaintiff seeks in this Motion is permission to use pseudonyms in publicly filed documents in this case. Defendant will experience no prejudice because it already knows Plaintiff's name. *See Al Otro Lado*, 2017 WL 6541446, at *6 (finding plaintiffs' use of pseudonyms would not prejudice the government because "Defendants know the true identities of the individual Plaintiffs" and therefore "have the information they need to defend against" plaintiffs' claims); *see also Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001); *Publius v. Boyer-Vine*, 321 F.R.D. 358, 365 (E.D. Cal. 2017) (finding that the defendant was not prejudiced by the plaintiff remaining anonymous throughout discovery where the defendant would be provided with the plaintiff's identity "in order to conduct the necessary discovery, including taking [the plaintiff's] deposition").

Moreover, that this action is against the federal government rather than a private party weighs in favor of permitting Plaintiff to proceed under a pseudonym. *See John Does 1-5 v. McCrory*, No. 13-CV-0711, 2014 WL 29352, at *2 (M.D.N.C. Jan. 3, 2014)

---

[4] To protect the special sensitivity of information relating to minors in immigration custody, the Department of Health and Human Services maintains self-described "strong policies . . . to ensure the privacy and safety of unaccompanied children by maintaining the confidentiality of their personal information." U.S. Dep't of Health and Human Servs., *Unaccompanied Alien Children Released to Sponsors by State* (Sept. 27, 2019), https://www.acf.hhs.gov/orr/resource/unaccompanied-alien-children-released-to-sponsors-by-state (last accessed Jan. 14, 2021). HHS reasons that such children "may be seeking safety from threats of violence," among other concerns, and HHS therefore "cannot release information about individual children that could compromise the child's location or identity." *Id.*

("Plaintiffs bring this action against a governmental party, which weighs in favor of anonymity."). "Courts are more likely to permit plaintiffs to proceed under pseudonym when they are pursuing a claim against the government" because "although the mere filing of a lawsuit against a private party may cause the defendant reputational and economic harm, such that fairness requires the identification of the plaintiffs, the government is not vulnerable to similar reputational harm." *Int'l Refugee Assistance Project*, 2017 WL 818255, at *3; *see also S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979); *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003).

### C. The Public Interest Weighs in Favor of Allowing Plaintiff to Challenge the Government's Action Pseudonymously

In contrast to Plaintiff's heightened interest in confidentiality, the public's interest in knowing Plaintiff's identity is minimal. While the issues that Plaintiff raises in this lawsuit are a matter of significant public concern, revealing Plaintiff's identity will add little or nothing to the public's understanding of the government's misconduct at issue in this case. *See Advanced Textile*, 214 F.3d at 1068-69 ("Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them.") (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)).

Indeed, courts have observed that there is a public interest in allowing pseudonymous filing where, as here, Plaintiff is challenging the validity of government action. *See, e.g., S. Methodist Univ.*, 599 F.2d at 713; *EW*, 213 F.R.D. at 111 (holding that when attacking government action, a plaintiff's interest in anonymity is "particularly strong" because "plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights"). Accordingly, the public interest weighs in favor of allowing Plaintiff to proceed under a pseudonym.

# CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court enter an Order:

1. Granting Plaintiff leave to proceed in this matter under a pseudonym;

2. Ordering that Defendant shall not publicly disclose the name or personally identifying information of Plaintiff; and

3. Ordering that all parties shall submit pleadings, briefing, and evidence using Plaintiff's pseudonym instead of his real name and other personally identifying information.

Respectfully submitted this 21st day of January, 2021.

      COPPERSMITH BROCKELMAN PLC

      By  s/ Keith Beauchamp
         Keith Beauchamp
         D. Andrew Gaona

      SOUTHERN POVERTY LAW CENTER
         Gillian Gillers*
         Norma Ventura*
         James M. Knoepp*

      COVINGTON & BURLING LLP
         Matthew Schlesinger*
         Jason Carey*
         Terra White Fulham*
         Patrick Lee*

      COVINGTON & BURLING LLP
         Swati R. Prakash*
         The New York Times Building
         620 Eighth Avenue
         New York, NY 10018-1405
         Telephone: (212) 841-1174
         sprakash@cov.com

      *Attorneys for Plaintiffs*