**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| E.S.M., | No. CV-21-00029-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 35), Plaintiffs' response (Doc. 36), and Defendant's reply (Doc. 44). Plaintiffs bring claims under the Federal Tort Claims Act (FTCA) for Intentional Infliction of Emotional Distress, Negligence, and Loss of Child's Consortium. Defendant moves this Court to dismiss Plaintiffs' claims for want of subject matter jurisdiction. For the reasons set forth in this Order, Defendant's motion is denied. Because the briefing is adequate and oral argument will not help in resolving this matter, oral argument is denied.  See *Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197, 1200-1201 (9th Cir. 1999).

## I.    Background

Plaintiffs E.S.M. and his son H.S.S. were apprehended at the U.S./Mexico border in May of 2018, seeking asylum after fleeing their home in Guatemala. Customs and Border Protection (CBP) officers incarcerated Plaintiffs in crowded, unhygienic conditions, in a cold cell without adequate warm clothing. Acting under an executive

1    directive (the Zero-Tolerance Policy), CBP officers separated E.S.M. and H.S.S., sending

2    both to separate detention facilities for about one month, during which time the two had

3    limited communication with one another.

4        Plaintiffs now sue the United States Government under the FTCA asserting claims

5    for Intentional Infliction of Emotion Distress, Negligence, and Loss of Child's

6    Consortium. Defendant has moved to dismiss under Fed. R. Civ. P. Rule 12(b)(1),

7    arguing that this Court lacks subject matter jurisdiction to hear Plaintiffs' FTCA claims.

8                                    **II.      Legal Standard**

9        Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to raise

10   the defense that the court lacks jurisdiction over the subject matter of an entire action or

11   of specific claims alleged in the action. When considering a motion to dismiss for lack of

12   subject matter jurisdiction, the Court takes as true the material facts alleged in the

13   complaint. See *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). But the

14   Court is not restricted to the face of the pleadings; it may consider affidavits to resolve

15   any factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*,

16   850 F.2d 558, 560 (9th Cir. 1988) (citation omitted); see *Biotics Research Corp. v.*

17   *Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside the

18   pleadings did not convert a Rule 12(b)(1) motion into one for summary judgment). If a

19   defendant files a Rule 12(b)(1) motion attacking the existence of subject-matter

20   jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. *Thornhill*

21   *Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

22                                    **III.      Discussion**

23   **A. Jurisdictional Prerequisites**

24       The FTCA waives the federal government's sovereign immunity and grants

25   jurisdiction to the federal courts for a limited range of tort actions. *See* 28 U.S.C. §§

26   2671-80. To be cognizable in federal court, a claim under the FTCA must be:

27       [1] against the United States, [2] for money damages, ... [3] for injury or loss of

28   property, or personal injury or death [4] caused by the negligent or wrongful act or

1    omission of any employee of the Government [5] while acting within the scope of

2    his office or employment, [6] under circumstances where the United States, if a

3    private person, would be liable to the claimant in accordance with the law of the

4    place where the act or omission occurred.

5    *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)(1). Elements

6    [4] and [6], respectively, establish the FTCA's prohibition of systemic torts and its

7    private-person-analog requirement, both of which, Defendant argues, Plaintiffs have

8    failed to establish. For the forgoing reasons, this Court disagrees.

9    *Prohibition of Systemic Torts*

10    The FTCA limits suits against the Government to those based on the conduct of

11    government employees. 28 U.S.C. § 1346(b); *Valdez v. U.S.*, 56 F.3d 1177, 1179 (9th

12    Cir. 1995). This means plaintiffs may not assert "systemic" claims against the

13    Government writ large. *See Lee v. U.S.*, WL 6573258, at *5 (D. Ariz. 2020). Defendant

14    argues that Plaintiffs assert systemic claims, and to that extent Defendant's motion is

15    granted. But Plaintiffs claims are plausibly based on the actions of individual government

16    employees, so to that extent Defendant's motion is denied.

17    Plaintiff's claims are plausibly based upon the actions of individual CBP

18    employees: those who chose to incarcerate Plaintiffs in overcrowded, unhygienic

19    conditions, those who forcibly separated Plaintiffs, those who did not allow Plaintiffs to

20    communicate with each other while separated, and so on. Defendant avers that Plaintiffs'

21    claims are systemic because the Complaint references actions of "the United States

22    government," "the U.S. government," and "the government," rather than individual

23    employees. But determining the identity of individual employees is a task suited for

24    discovery. To accept Defendant's argument would put Plaintiff's in a catch-22: they can

25    only identify the individual employees who wronged them through discovery, but they

26    are blocked from discovery because they cannot identify the individual employees who

27    wronged them.

28    So, to the extent Plaintiffs assert claims based upon the actions of individual

1   government employees, Defendant's motion to dismiss is denied. Still, one can read

2   Plaintiff's claims to be based upon acts of the Government as a whole, and to that extent

3   Defendant's motion to dismiss is granted.

4   *Private-Person Analog*

5   An FTCA plaintiff must show that if the United States were a private person in

6   circumstances like those giving rise to the plaintiff's claims, that hypothetical private

7   person would be liable under state tort law. *See* § 2674; § 1346. But "[l]ike

8   circumstances" are not "identical circumstances," as the Ninth Circuit noted in *Xue Lu v.*

9   *Powell*, 621 F. 3d 944, 947 (9th Cir. 2010). So, a plaintiff must offer a "persuasive," but

10  not perfect, "analogy with private conduct" showing that the defendant would be liable if

11  it were a private person. *Westbay Steel, Inc. v. U.S.*, 970 F. 2d 648, 650 (9th Cir. 1992).

12  In *Westbay* the Ninth Circuit found there was no private-person analog in state tort

13  law for the Government's negligent failure to comply with federal law controlling the

14  issuance of government contracts (namely, the Miller Act). *Id*. There was no persuasive

15  analogy with private conduct because the duty the Government breached in *Westbay* was

16  created specifically *for the Government*. *See Id*. (citing factually-similar cases *Devlin*

17  *Lumber & Supply Corp. v. U. S.*, 488 F.2d 88, 89 (4th Cir.1973); *Arvanis v. Noslo Eng'g*

18  *Consultants, Inc.*, 739 F.2d 1287, 1290–92 (7th Cir.1984); *McMann v. Northern Pueblos*

19  *Enters., Inc.*, 594 F.2d 784, 785–86 (10th Cir.1979); and *U. S. v. Smith*, 324 F.2d 622,

20  624–25 (5th Cir.1963)).

21  Because there is no state-tort-law analog to breaching the Government's duty to

22  ensure compliance with the Miller Act, finding one would effectively create a new cause

23  of action outside existing state tort law. But the FTCA was meant to coopt existing state-

24  law causes of action instead of creating new ones. *See Feres v. U.S.*, 340 U.S. 135, 142

25  (1950) ("[The FTCA's] effect is to waive immunity from recognized causes of action and

26  was not to visit the Government with novel and unprecedented liabilities.").

27  So, the question here is whether Arizona tort law, on its own, would hold a private

28  employer liable for the alleged torts committed by CBP agents if those agents were

1 private employees.

2       Defendant correctly argues that the FTCA does not waive immunity for claims

3 based on "actions of the type private persons could not engage in and hence could not be

4 liable for under local law." *Chen v. U.S.*, 854 F.2d 622, 626 (2d Cir. 1988). But it would

5 be inappropriate to apply *Chen* in this case. In *Chen*, the Government was sued for

6 breaching a duty specifically created *for the Government*. 854 F.2d at 626. Thus, none of

7 the Government's conduct in *Chen* would be actionable under state tort law. *Id*. This is

8 also what happened in *Westbay*, where the Ninth Circuit found no FTCA liability. Unlike

9 in *Chen* and *Westbay*, however, in the present case, Plaintiffs' suit is based on a range of

10 actions taken by Defendant's employees which *are* actionable under Arizona tort law.

11       Defendant's employees performed acts such as putting Plaintiffs in a cold crowded

12 cell without a private bathroom, taking away Plaintiffs' warm clothes, keeping the lights

13 on at all hours, forcibly separating Plaintiffs, and restricting their communication. It is

14 conceivable that a private person might have custody over Plaintiffs and treat them

15 similarly. If private employees did the same there would likely be additional claims based

16 on false imprisonment. But as Defendant correctly points out, it had legal authority to

17 incarcerate Plaintiffs, so it faces no penalties for the incarceration itself. Still, the fact that

18 Defendant cannot be penalized for the incarceration itself does not mean its employees

19 did not commit torts during that otherwise-legal incarceration. The torts allegedly

20 perpetrated against Plaintiffs could be actionable under Arizona tort law were the actors

21 in this case private employees. The fact that Defendant has exclusive authority to enforce

22 immigration law does not give it carte blanche to commit torts against migrants in its

23 custody.

24       In sum: the conduct for which Defendant is being sued in this case, while related

25 to conduct only the Government may perform, is not beyond the scope of state tort law.

26 Taking Plaintiffs facts as true and drawing all reasonable inferences therefrom, this Court

27 finds that Plaintiffs have established the presence of a private-person analog sufficient to

28 survive Defendant's motion to dismiss.

1

### B.  Statutory Exceptions to the FTCA

2     A plaintiff may establish each of the six elements of an FTCA claim but still fail to

3  establish subject matter jurisdiction should the defendant successfully argue that one of

4  the FTCA's exceptions applies. Pertinent to this case are the discretionary-function and

5  due-care exceptions found in 28 U.S.C. § 2680(a).[1]

6  *Discretionary-Function Exception*

7     The discretionary function exception (DFE) shields the Government from liability

8  for claims based upon acts of its employees which "involve an element of judgment or

9  choice." *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (quoting *Berkovitz v. United*

10 *States*, 486 U.S. 531, 536 (1988)). The exception is in place because Congress did not

11 intend the FTCA to be a tool for challenging "the propriety of [] discretionary

12 administrative act[s]" such as "the expenditure of federal funds, the execution of a

13 Federal project," and regulatory activities. *Dalehite v. United States*, 346 U.S. 15, 33

14 (1953); *United States v. Varig Airlines*, 467 U.S. 797, 813 (1984) ("Congress wished to

15 prevent judicial "second-guessing" of legislative and administrative decisions grounded

16 in social, economic, and political policy through the medium of an action in tort.").

17    The *Gaubert* Court established a two-pronged analysis for the DFE. First, courts

18 must determine whether the challenged acts are discretionary in nature, that is, whether

19 they involve an element of judgment or choice. Second, courts must determine "whether

20 that judgment is of the kind that the [DFE] was designed to shield." *Gaubert*, 499 U.S. at

21 322-23 (quoting *Varig Airlines*, 467 U.S. at 813).

22    Discretion, for purposes of the DFE, exists only where a government employee's

23 acts cannot be considered mandatory. *See Berkovitz*, 486 U.S. at 544 ("When a suit

24 charges an agency with failing to act in accord with a specific mandatory directive, the

25 discretionary function exception does not apply."). An employee's acts may be mandated,

26
27
28

[1] The Government is not liable for "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

1    and thus nondiscretionary, if adequately restricted by the United States Constitution. *See*

2    *Nurse v. United States*, 226 F.3d 996, 1002 (9th Cir. 2000) ("In general, governmental

3    conduct cannot be discretionary if it violates a legal mandate."); *Id.* at n.2 ("We hold only

4    that the Constitution can limit the discretion of federal officials such that the FTCA's

5    discretionary function exception will not apply.").

6           In *Nurse*, the Ninth Circuit reversed a District Court's dismissal of FTCA claims

7    on a 12(b)(1) motion to dismiss. The Plaintiff alleged constitutional violations on the part

8    of government employees and argued that the employees lacked discretion to perpetrate

9    those violations. *See Id.* at 1002. The Ninth Circuit did not determine "the level of

10   specificity with which a constitutional proscription must be articulated in order to remove

11   the discretion of a federal actor," instead leaving that inquiry for later stages of litigation.

12   *Id.* at n.2; *Id.* at 1002. Whether the government employee's acts violated the Constitution,

13   and even which specific mandates the employee violated, were not questions the Court

14   could determine at a motion to dismiss. *Id.* at 1002.

15          Defendant argues that detention decisions in an immigration setting are inherently

16   discretionary, and thus the DFE applies. On first glance, there is caselaw to support this

17   blanket assertion that the DFE will always apply to immigration detention and

18   prosecution decisions, but further investigation reveals that is not the case. Defendant

19   cites *Mirmehdi v. United States* for the proposition that "because the decision to detain an

20   alien pending the resolution of immigration proceedings is explicitly committed to the

21   discretion of the Attorney General and implicates issues of foreign policy, it falls within

22   this [FTCA] exception." 662 F.3d 1073, 1082 (9th Cir. 2011). But the 2011 opinion

23   Defendant cites was amended and superseded in 2012. *See Mirmehdi v. United States*,

24   689 F.3d 975 (9th Cir. 2012). In the 2012 opinion, the Ninth Circuit included the same

25   above-quoted language, but with an important caveat: "because the Mirmehdis do not

26   allege that [the challenged government act] itself violated the Constitution, it falls within

27   this [FTCA] exception." *Id.* at 984. So, although immigration-detention decisions are

28   subject to some discretion, the Government and its agents still do not enjoy the discretion

1  to violate the Constitution.

2  Here, Plaintiffs allege constitutional violations on the part of Defendant's

3  employees. Taking Plaintiffs facts as true and drawing all reasonable inferences

4  therefrom, this Court concludes that Plaintiffs have adequately argued that Defendant's

5  employees in this case lacked discretion to act as they did, and accordingly the DFE does

6  not apply. Defendant's motion to dismiss is therefore denied to the extent that its

7  employees violated Plaintiffs' constitutional rights.

8  *Due-Care Exception*

9  The U.S. Government faces no liability for claims "based upon an act or omission

10  of an employee of the Government, exercising due care, in the execution of a statute or

11  regulation." 28 U.S.C. § 2680(a). Other courts in the Ninth Circuit and in this District

12  have employed the Fourth Circuit's two-pronged analysis for the due-care exception

13  (DCE). *See e.g.*, *A.I.I.L. v. Sessions, et al.*, No. CV-1900481-TUC-JCH (D. Ariz. 2022);

14  *Ferguson v. United States*, WL 4793180 (S.D. Cal. 2016); *Kwai Fun Wong v. Beebe*, WL

15  977746 (D. Or. 2006). Under the Fourth Circuit's analysis, courts must first determine

16  whether a statute or regulation "specifically proscribes a course of action for an officer to

17  follow," and then whether "the officer exercised due care in following the dictates of that

18  statute or regulation." *Welch v. United States*, 409 F.3d 646, 652 (4th Cir. 2005).

19  Plaintiffs argue first that there is no federal statute or regulation requiring family

20  separation, meaning the first *Welch* prong is not met. Defendant contends that its

21  employees were executing the Trafficking Victims Protection Reauthorization Act

22  (TVPRA). Second, Plaintiffs argue that even if the first prong is met, government

23  employees did not act exercise due care in executing the TVPRA. Defendant contends

24  that its employees appropriately followed the dictates of the TVPRA.

25  Defendant's argument fails on the first *Welch* prong because the DCE only applies

26  to "statute[s] or regulation[s]," and not to executive policy (such as the Zero-Tolerance

27  Policy). *See A.P.F. v. United States*, WL 8173295, at *5-6 (D. Ariz. 2020) ("Actions

28  taken pursuant to executive policy are not shielded by the [DCE]."). Other courts in the

1 Ninth Circuit have followed similar analysis, refusing to apply the DCE when the

2 Government fails to identify a statute or regulation requiring the sued-over conduct. *See*

3 *e.g. A.I.I.L. v. Sessions*, WL 992543, at \*5 (D. Ariz. 2022) (quoting *A.P.F.*); *C.M. v.*

4 *United States*, WL 1698191, at \*3 (D. Ariz. 2020); *Nunez Euceda v. United States*, WL

5 4895748, at \*4 (C.D. Cal. 2021) (finding the government had failed to identify any

6 statute or regulation requiring family separation in a factually-similar case). Like in

7 *A.P.F.*, *A.I.I.L.*, *C.M.*, and *Nunez Euceda*, Defendant has failed to identify any statute that

8 mandates family separation. Therefore, the DCE does not apply and Defendant's motion

9 to dismiss is, to that extent, denied.

10 ## IV.   CONCLUSION

11 Defendant challenges Plaintiffs' FTCA claims on four grounds: (1) they are

12 systemic torts, (2) they lack a private person analog, (3) they are barred by the DFE, and

13 (4) they are barred by the DCE.

14 (1) Plaintiffs plausibly assert non-systemic claims, so to that extent Defendant's

15 argument fails and its motion to dismiss is denied. Still, to the extent the Complaint can

16 be read to assert systemic claims, Defendant's motion is granted. (2) Plaintiffs have

17 provided sufficient basis for this Court to find there is a private-person analog. So,

18 Defendant's argument that Plaintiffs claims lack a private-person analog also fails and to

19 that extent Defendant's motion is denied. (3) The DFE exception does not apply because

20 Plaintiffs have argued that the alleged torts perpetrated against them violated their

21 constitutional rights. (4) Finally, the DCE does not apply because Defendant has not

22 identified any statute or regulation that specifically required the conduct for which

23 Plaintiffs sue.

24 …

25 …

26 …

27 …

28 …

1        Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss (Doc. 35) is

2  GRANTED in part and DENIED in part.

3        Dated this 20th day of October, 2022.

Honorable James A. Soto
United States District Judge

- 10 -