Keith Beauchamp (012434)
D. Andrew Gaona (028414)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Phoenix, AZ 85004
Telephone: (602) 381-5493
kbeauchamp@cblawyers.com
agaona@cblawyers.com

*Counsel for Plaintiffs (Additional Counsel Listed on Signature Page)*

GARY M. RESTAINO
United States Attorney
District of Arizona
Michael A. Ambri (021653)
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7449
michael.ambri@usdoj.gov

*Counsel for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| E.S.M., on his own behalf and on behalf of his minor child, H.S.S., <br><br> Plaintiffs, <br> v. <br><br> United States of America, <br><br> Defendant. | CV-21-00029-TUS-JAS <br><br> **JOINT CASE MANAGEMENT REPORT** |

  Pursuant to the Court's Order of December 2, 2022 (Dkt. 53) and Federal Rule of Civil Procedure 26(f), on December 30, 2022, the parties met and conferred via telephone concerning the items listed in the Court's Order and Rule 26(f). The parties respectfully submit this Joint Proposed Case Management Report.

1. **The nature of the case, setting forth in brief statements the factual and legal basis of Plaintiffs' claims and Defendants' defenses.**

Plaintiffs' statement

This action seeks damages for an asylum-seeking family forcibly separated by the United States. The separation was made pursuant to an unconstitutional policy developed by high-ranking government officials to inflict harm and instill terror on migrant families, in an effort to deter others from seeking asylum in the United States (the "Family Separation Policy").

Plaintiffs are a father and son who came to the United States seeking asylum in May 2018. The Plaintiff father, E.S.M., was forcibly separated from his eleven-year-old son, H.S.S., by federal officials while detained at a federal immigration detention facility.

Following the separation, the government sent H.S.S. to a private contractor for the U.S. Department of Health and Human Services Office of Refugee Resettlement (ORR). The father and son remained separated for approximately two months. During the separation, the government provided H.S.S.'s family limited information about the child's location and safety, and afforded limited opportunities for family members to communicate.

The significant public record concerning the federal government's Family Separation Policy demonstrates that this policy was intentionally created and developed by high-ranking government officials, including senior White House officials, cabinet-level government officials, and heads of federal agencies. *See generally* Compl. (Doc. 1) ¶¶ 31-67. Numerous government officers from a myriad of offices within at least three federal agencies and four subcomponent agencies were involved in the policy's implementation. *Id.*

Plaintiffs suffered, and will continue to suffer, substantial physical, mental, and emotional harm as a result of the government's actions. They assert three causes of action

under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-2680: (1) intentional infliction of emotional distress ("IIED"); (2) negligence; and (3) loss of child's consortium.

Defendant's statement

Plaintiffs crossed into the United States from Mexico between ports of entry on May 19, 2018. Border Patrol agents encountered them, determined they were unlawful entrants, and transported them to the Ajo Border Patrol Station in Ajo, Arizona.

E.S.M. was determined to be amenable to prosecution as an unlawful entrant. As a result, his minor child, H.S.S., was deemed an "unaccompanied alien child" pursuant to 6 U.S.C. § 279(g)(2). H.S.S. was transferred to the custody of the Department of Health and Human Services Office of Refugee Resettlement pursuant to the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 8 U.S.C. § 1232(b)(3), and was cared for at a facility in Mesa, Arizona. E.S.M. was charged with violation of 8 U.S.C. § 1325, pled guilty and was convicted. E.S.M. was transferred to Immigration and Customs Enforcement custody and held in secure adult detention facilities pending immigration proceedings.

Following a U.S. Citizenship and Immigration Service credible fear determination, E.S.M. was sent to Port Isabel Detention Center in Texas for out-processing and reunification with H.S.S. The two were reunited on July 20, 2018. The United States maintains it is immune from suit under the FTCA on several grounds, including that the separation of Plaintiffs was pursuant to the execution of federal criminal and immigration laws, and Plaintiffs' claims are based upon discretionary, policy-based conduct. The United States further maintains that Plaintiffs have not pleaded actionable claims under applicable state law.

2. **The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion**

Liability and damages are in dispute.

- 3 -

**3. The jurisdictional basis of the case, citing specific statutes**

Plaintiffs assert that the Court has jurisdiction over this case under 28 U.S.C. §§ 1331, 1346(b). Defendant asserts that the Court lacks subject matter jurisdiction on the grounds set forth in its Motion to Dismiss (Doc. 32) which was granted in part and denied in part (Doc. 47).

**4. Parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance**

All parties have been served. The parties do not expect to add parties or amend the pleadings at this time. Any necessary amendments will be made before the deadline provided in the Court's scheduling order, after seeking leave of Court as necessary. A deadline for amending the pleadings is proposed below.

**5. The names of parties not subject to the Court's jurisdiction**

There are no parties not subject to the Court's jurisdiction.

**6. Whether there are further dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues of any pretrial motions contemplated**

The parties may file dispositive motions on the elements of the claims and/or defenses or legal issues after discovery.

**7. Whether the case is suitable for reference to a Master, or whether the parties consent to trial before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)**

The parties do not consent to reference to a Magistrate Judge for trial. The parties agree that the case may be suitable for reference to a Magistrate Judge for a settlement conference at a later date. The parties do not request referral to Magistrate Judge for settlement conference at this time.

**8. The status of related cases pending before other judges of this Court or before other courts**

There are currently nine similar cases pending in this District involving claims arising out of family separations at the U.S.-Mexico border. They are: *C.M., et al. v. United States,* No. 2:19-cv-05217-SRB (fact discovery closed); *A.P.F., et al. v. United States,* No. 2:20-cv-00065-SRB (fact discovery closed; Plaintiffs represented by same counsel as Plaintiffs in this case); *A.I.I.L., et al. v. Sessions, et al.,* No. 4:19-cv-00481-JCH (Rule 26(f) report filed December 1, 2022); *F.R. v. United States,* No. 2:21-cv-00339-DLR (in discovery); *B.A.D.J. v. United States,* No. 2:21-cv-00215-SMB (answer filed November 18, 2022); *E.C.B. v. United States*, No. 2:22-cv-00915-CBD (answer filed November 30, 2022); *Fuentes-Ortega v. United States,* No. 2:22-cv-0449-DGC (answer filed December 5, 2022); *J.P., et al. v. United States*, No. 2:22-cv-00683-MTL (motion to dismiss pending); and *M.S.E., et al. v. United States*, No. 2:22-cv-01242-JZB (motion to dismiss filed November 15, 2022).

In addition, there are 21 family-separation cases pending in other federal district courts. They are: *D.A. v. United States*, No. 3:22-cv-00295-FM (W.D. Tex.) (motion to dismiss pending); *D.J.C.V. v. United States*, No. 1:20-cv-05747-PAE (S.D.N.Y.) (in discovery); *R.Y.M.R. v. United States*, No. 1:20-cv-23598-KMW (S.D. Fla.) (in mediation); *E.L.A. v. United States*, No. 2:20-cv-01524-RAJ (W.D. Wash.) (motion to dismiss pending); *K.O. v. United States*, No. 4:20-cv-12015-TSH (D. Mass.) (motion to dismiss pending); *Nunez Euceda v. United States*, No. 2:20-cv-10793-VAP-GJS (C.D. Cal.) (in discovery); *C.D.A. v. United States*, No. 5:21-cv-00469-EGS (E.D. Pa.) (motion to dismiss pending); *S.E.B.M. v. United States*, No. 1:21-cv-00095-JHR-LF (D.N.M.) (motion to dismiss pending); *C.M. v. United States*, No. 5:21-cv-00234-JKP-ESC (W.D. Tex.) (motion to dismiss pending); *A.F.P. v. United States*, No. 1:21-cv-00780-DAD-EPG (E.D. Cal.) (answered filed July 26, 2022); *W.P.V. v. Cayuga Home for Children, Inc., and United States*, No. 1:21-cv-04436-JPC (S.D.N.Y.) (Plaintiffs and Cayuga

reached settlement in principle on September 22, 2022, and United States filed motion to transfer venue on May 20, 2022); *P.G. v. United States*, No. 4:21-cv-04457-KAW (N.D. Cal.) (answer filed May 24, 2022); *A.E.S.E. v. United States*, No. 2:21-cv-00569-SMV-GBW (D.N.M.) (answer filed November 15, 2022); *Rodriguez v. United States*, No. 2:22-cv-02845 (C.D. Cal.) (motion to dismiss pending); *Flores Benitiez v. Miller*, No. 3:22-cv-00884 (D. Conn.) (motion to dismiss pending); *F.C.C. v. United States*, No. 2:22-cv-05057 (E.D.N.Y.) (complaint filed August 25, 2022); *J.R.G. v. United States*, No. 4:22-cv-05183 (N.D. Cal.) (Defendant filed motion to transfer venue on December 5, 2022); *I.T. v. United States*, No. 4:22-cv-05333 (N.D. Cal.) (Defendant filed motion to transfer venue on November 22, 2022); *B.Y.C.C. v. United States*, No. 3:22-cv-06586 (complaint filed November 14, 2022); *J.A.L.C. v. United States*, No. 3:22-cv-06587 (D.N.J.) (complaint filed November 14, 2022); and *R.J.P. v. United States*, No. 3:22-cv-06588 (D.N.J.) (complaint filed November 14, 2022).

9. **A statement of when Initial Disclosures were made or will be made, or any proposed changes in the requirements for Initial Disclosures set forth in Rule 26(a), FED. R. CIV. P.**

The parties agree to exchange initial disclosure statements on or before February 13, 2023.

10. **Suggested changes, if any, in the limitations on discovery set forth in Rule 26(b)(2), Fed. R. Civ. P.**

The parties agree that discovery will be governed by the federal rules, with certain modifications directed to efficiency and judicial economy.

<u>A. Written Discovery</u>:

Interrogatory answers provided in *A.P.F., et al v. United States* shall be deemed usable in this action subject to objections other than the objection that *A.P.F.* interrogatories were not issued in this action. The interrogatory answers provided in the *A.P.F.* matter shall not count against the parties' cap of 25 interrogatories to be issued in

this action.  The parties agree that policy-related documents produced by the United States in the *A.P.F.* action, including documents produced pursuant to the District of Arizona's Mandatory Initial Disclosure Pilot ("MIDP") program and documents responsive to Plaintiffs' discovery requests, are deemed produced to Plaintiffs in this matter.  For the avoidance of any doubt, the policy-related documents are all those that were produced, or that may be produced in the future, with a Bates prefix "CD-US" in the *A.P.F.* action.  However, Plaintiffs may make additional, non-duplicative discovery requests in this matter, as factual differences between the cases may warrant different discovery requests pertaining to both plaintiff-specific and policy-level information. Defendant reserves its right to object to such additional discovery requests.

### B.  Depositions:

There are a number of other very similar "family separation" cases in this District and around the country as described herein.  The parties agree not to object to the use of the deposition transcripts and related videos of depositions taken in the *C.M.* and *A.P.F.* actions of the following individuals or organizations on the ground that the depositions were taken in a separate action (*see* Fed. R. Civ. P. 32(a)(8)): Matt Albence, John Bash, Michael Dougherty, Robert Guadian, Gene Hamilton, Mellissa Harper, Brian Hastings, Thomas Homan, Kevin McAleenan, Tracy Short, Tricia Swartz, Ronald Vitiello, Jonathan White, and Chad Wolf, and the 30(b)(6) deposition of the United States Department of Homeland Security (by and through James McCament).  The parties reserve all other objections to the use of the deposition transcripts and related videos from *C.M.* and *A.P.F.* under the Federal Rules of Civil Procedure and Federal Rules of Evidence.[1]

The parties are continuing to confer regarding the number of depositions to be taken in this case and anticipate being able to reach agreement on this issue.  Plaintiffs'

---

[1] The parties will discuss including further deposition transcripts from other cases.

and Defendant's current positions regarding the anticipated number of depositions are set forth in their respective statements below. Because there is no ripe dispute with respect to the number of depositions, however, at this time the parties do not request an order from the Court concerning the number of depositions permitted in this case.

   1. *Plaintiffs' Separate Statement*

Plaintiffs anticipate that they may require approximately 12 depositions. Plaintiffs will require depositions concerning: the circumstances of E.S.M. and H.S.S.'s entry into and detention in the United States; the decision to separate E.S.M. and H.S.S., and the details surrounding the physical separation; the determinations of whether to refer E.S.M. to the U.S. Department of Justice for prosecution, and any prosecution or sentencing of E.S.M.; the placement of H.S.S. in ORR facilities or ORR-contracted facilities; the treatment of H.S.S. while in ORR custody; E.S.M.'s ability to communicate with H.S.S. during their separation; the withholding of information from E.S.M. and H.S.S. about one another; E.S.M. and H.S.S.'s reunification; and the physical, medical, psychological, and emotional harms suffered by Plaintiffs.[2] Additionally, Plaintiffs will require depositions concerning the creation, development, and implementation of the Family Separation Policy, including any pilot program related to the separation of families at the Southern border; the purpose or intent of the Family Separation Policy; the government's knowledge of the harm caused by the Family Separation Policy; the connection, if any, between the Family Separation Policy and the "zero-tolerance" policy issued by the Department of Justice in April 2018; policies and procedures governing when and how government officials would separate individual families; the government's procedures (or lack thereof) to track separated families or facilitate communication between separated

---

[2] In its separate statement, Defendant refers to Judge Bolton's ruling in *C.M.* limiting the five plaintiff families to 15 "plaintiff-specific" depositions. Plaintiffs note that the deposition limit in *C.M.* was based on an understanding that there would be overlap among the government officials who interacted with the *C.M.* plaintiffs during their separations. Such efficiencies are not present here.

parents and children; the extent to which agencies implementing the Family Separation Policy engaged or did not engage in planning or coordination; the connection between the Family Separation Policy and the dangerous and/or abusive conditions to which separated families were subject in government detention or ORR facilities.

While Plaintiffs may acquire some of this policy-level information from the depositions taken in the *C.M.* and *A.P.F.* actions, as discussed above, additional depositions will be required to discover facts from individuals who were not deposed in those actions. For this reason, Plaintiffs should not be foreclosed from deposing additional individuals with knowledge concerning the creation, development, and implementation of the Family Separation Policy. Nor should Plaintiffs be foreclosed from re-deposing individuals previously deposed in the *C.M.* or *A.P.F.* actions regarding issues or facts not covered in prior depositions. In the event that re-deposing one or more of these previously-deposed individuals is necessary, Plaintiffs are willing to confer with the government regarding reasonable limitations with respect to scope and duration.

2. *Defendant's Separate Statement*

Defendant anticipates that the parties will work together concerning the number and nature of written discovery requests and depositions. At this time, Defendant believes 12 depositions may be excessive. In *C.M.,* for example, Judge Bolton set a limit of three plaintiff-specific depositions for each of the five sets of adult and minor plaintiffs in that case. *See C.M.* ECF No. 61. And policy-level testimony may be used from the 15 policy deposition transcripts from the *CM* and *APF* cases. Defendant therefore believes a more limited number of depositions will be sufficient in this action than the 12 estimated by Plaintiff or provided in Fed. R. Civ. P. 30(a)(2). As noted above, this will be the subject of further discussion among the parties as the case proceeds. The parties agree on avoiding duplication of the policy-level discovery, MIDP disclosures and depositions already conducted in the *C.M.* and *A.P.F.* cases. Though Defendant agrees that there is a need for plaintiff-specific discovery in this action, given the extensive policy-level

disclosures, supplemental productions in response to discovery requests, and depositions in *C.M.* and *A.P.F.* covering the same allegations in this case, policy-level discovery and depositions in this action should be based on particular need. Additionally, to avoid multiple depositions of the same policy-level officials across the several pending cases (and further cases that may be filed in the future), the parties should avoid depositions of such officials if already deposed in another action where the parties agree that the transcript may be used in this action. To the extent there is a particular need for information from such already-deposed officials, the parties should endeavor to find alternative means of obtaining the information to the extent possible (*e.g.,* interrogatories). At this time, Defendant does not agree to any of the fifteen policy-level deponents in *C.M.* and *A.P.F.* being re-deposed in this action. To the extent Plaintiffs find a need to re-depose such witnesses, Defendant will engage in discussions with Plaintiffs concerning the need as well as the scope, duration and method of questioning for such a deposition. Further, as Judge Bolton ordered in *C.M.* and *A.P.F.,* insofar as Plaintiffs may seek to depose current or former Cabinet-level officials, heads of agencies or White House officials, such depositions should only proceed on agreement of the parties or with the Court's leave. *See C.M.* ECF No. 61, 144; *A.P.F.* ECF No. 46, 144. Defendant proposes that, if differences arise concerning these matters as discovery proceeds, the parties will seek the Court's assistance.

Defendant anticipates it will conduct document discovery and depositions concerning at least the following subject areas:

- Information regarding the entry of the adult and minor Plaintiffs into the United States and their apprehensions and detentions.

- Information regarding the circumstances experienced by Plaintiffs in their home countries including those that allegedly led to their decisions to enter the United States, and the extent to which said circumstances caused or contributed to the alleged

physical, medical, emotional, and/or psychological harms experienced by the adult and minor Plaintiffs.

- Information regarding communications and other contacts between Plaintiffs and others during their separations.

- Information regarding the alleged physical, medical, emotional, and/or psychological harms suffered by Plaintiffs as a result of their separations.

- Information regarding any care, services, or treatment available to or received by Plaintiffs during and subsequent to their separations.

11. **Proposed deadlines for completing discovery, filing dispositive motions, pretrial disclosure of witnesses, and expert testimony pursuant to Rule 26(a)(2) and (3), Fed. R. Civ. P, and lodging a proposed joint pretrial order**

The parties propose a fact discovery period of 10 months after the filing of this report. This action involves significant legal issues and voluminous documents and information, and the need for further disclosure, discovery and depositions despite the efficiencies agreed to above, as well as potential expert discovery. Other FTCA cases involving claims arising out of family separations at the U.S.-Mexico border have fact discovery periods ranging from 10 to 15 months.[3]

- Amendment of the pleadings: March 6, 2023;

---

[3] *F.R. v. United States*, Case 2:21-cv-00339-DLR (D. Ariz.) (ECF No. 48, 50) (ten month fact discovery period, in case involving one parent and child); *A.F.P. v. United States*, 1:21-cv-00780-DAD-EPG (E.D. Cal.) (ECF Nos. 32, 35) (fifteen month fact discovery period in case involving one parent and child, including ninety (90) day disclosure period for disclosure and review of policy-related document productions from *C.M.* and *A.P.F.*); *P.G. v. United States*, Case No. 4:21-cv-04457-KAW (N.D. Cal.) (ECF Nos. 47, 50) (twelve month fact discovery period in case involving three sets of parents and children, including ninety (90) day disclosure period for disclosure and review of policy-related document productions from *C.M.* and *A.P.F.*); *Euceda v. United States*, Case No. 2:20-cv-10793-VAP-GJS (C.D. Cal.) (ECF No. 43) (eleven-month fact discovery period in case involving single adult plaintiff). The scheduling orders in *C.M.* and *A.P.F.* both initially had a twelve (12) month fact discovery period, and several extensions were necessary.

- 11 -

- Plaintiff's disclosure of expert testimony:  July 18, 2023;
- Defendant's disclosure of expert testimony:  September 15, 2023;
- Parties' disclosure of rebuttal expert testimony:  November 3, 2023;
- Completion of fact discovery: November 10, 2023;
- Completion of expert discovery:  January 17, 2024;
- Filing of dispositive motions:  February 28, 2024;
- Lodging of proposed joint pretrial order:  March 28, 2024, or, if dispositive motions are filed, within 45 days after the Court's ruling disposing of all such motions.

12. **Estimated date and length of trial**

The parties anticipate an estimated trial date of May 20, 2024, and anticipate a need for up to 8 trial days.

13. **Whether a jury trial has been requested**

The parties have not requested a jury trial as the FTCA provides that all actions shall be tried by the Court without a jury.  28 U.S.C. § 2402.

14. **The prospects for settlement**

The parties will evaluate and discuss potential settlement as disclosure, discovery, and analysis proceed.

15. **Whether any unusual, difficult, or complex problems or issues exist which would require this case to be placed on the complex track for case management purposes**

There are no unusual, difficult, or complex problems or issues that require this case be placed on the complex track for case management purposes.

16. **Any other matters which the parties feel will aid the Court in expediting the disposition of this matter efficiently**

The parties are discussing potential stipulations for the entry of a protective order and clawback order to facilitate disclosure and discovery, and anticipate submitting any

such stipulations with proposed orders within approximately 30 days.

      RESPECTFULLY SUBMITTED this 6th day of January, 2023.

| | |
|---|---|
| GARY M. RESTAINO<br>United States Attorney<br>District of Arizona<br><br>s/Michael A. Ambri<br>Michael A. Ambri<br>Assistant U.S. Attorney<br><br>*Attorneys for Defendant United States* | COVINGTON & BURLING LLP<br><br>By: s/Terra White Fulham<br>Matthew J. Schlesinger*<br>Jason A. Carey*<br>Teresa S. Park*<br>Terra White Fulham*<br>Kristin M. Cobb*<br>Patrick Lee*<br>One City Center, 850 Tenth Street, NW<br>Washington, DC 20001-4956<br>Telephone: (202) 662-5581<br>mschlesinger@cov.com<br>jcarey@cov.com<br>tpark@cov.com<br>tfulham@cov.com<br>kcobb@cov.com<br>plee@cov.com<br><br>COPPERSMITH BROCKELMAN PLC<br>Keith Beauchamp<br>D. Andrew Gaona<br><br>SOUTHERN POVERTY LAW CENTER<br>James M. Knoepp*<br>Norma Ventura*<br>Sharada Jambulapati*<br>150 E. Ponce de Leon Avenue, Suite 340<br>Decatur, GA 30030<br>Telephone: (404) 521-6700<br>jim.knoepp@splcenter.org<br>norma.ventura@splcenter.org<br>sharada.jambulapati@splcenter.org<br><br>*Admitted pro hac vice<br><br>*Attorneys for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record in this action.

/s Michael A. Ambri