Keith Beauchamp (012434)
D. Andrew Gaona (028414)
COPPERSMITH BROCKELMAN PLC
2800 North Central Avenue, Suite 1900
Phoenix, AZ 85004
Telephone: (602) 381-5490
kbeauchamp@cblawyers.com
agaona@cblawyers.com

[Additional Counsel Listed on Signature Page]

*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| E.S.M., on his own behalf and on behalf of his minor child, H.S.S., <br><br> *Plaintiffs*, <br><br> v. <br><br> United States of America, <br><br> *Defendant*. | No. CV-21-00029-TUC-JAS <br><br> **UNOPPOSED MOTION FOR COURT APPROVAL OF SETTLEMENT OF MINOR'S CLAIMS** |

Plaintiffs E.S.M., on his own behalf and on behalf of his minor child, H.S.S., (collectively, "Plaintiffs") hereby request that the Court approve the settlement of H.S.S.'s claims against the United States of America ("Defendant"). Defendant does not oppose this Motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs brought this Federal Tort Claims Act, 28 U.S.C. §§ 2671 et. seq. ("FTCA"), case against Defendant for its alleged mistreatment of H.S.S. and his father, E.S.M., while in custody of the United States. Plaintiffs allege that they were detained and forcibly and unlawfully separated by Defendant for approximately two months, which caused them serious injury.

Plaintiffs sought damages for these harms, bringing claims under the FTCA for intentional infliction of emotional distress, negligence, and loss of consortium. *See* ECF No. 1. Plaintiffs' allegations are described in detail in their Complaint. *Id.*

## I.       The Settlement, Attorney's Fees, and Costs.

Plaintiffs filed their Complaint on January 21, 2021. ECF No. 1. Shortly thereafter, Plaintiffs moved this Court to proceed under pseudonym, which the Court granted. ECF Nos. 6, 7. On October 20, 2022, the Court denied Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 47, and the parties proceeded to engage in discovery. Discovery in this matter involved production and review of documents, responses to interrogatories, and medical evaluations of Plaintiffs.

On December 11, 2023, the parties participated in a settlement conference before Magistrate Judge Lynette Kimmins. On December 13, 2023, the parties reached a settlement in principle. *See* ECF No. 95. Pursuant to the proposed Settlement Agreement, Defendant will pay Plaintiffs $315,000 (hereinafter, the "Settlement Amount") in settlement of all claims, pending this Court's approval of the minor's Settlement and approval by the Attorney General or the Attorney General's designee. *See* Ex. A (Stipulation for Compromise Settlement).[1]

Plaintiffs have agreed to the terms, conditions, and requirements of the Stipulation. The Settlement is now contingent upon: (1) Plaintiffs obtaining this Court's approval for the minor's portion of the Settlement; (2) approval of the Settlement by the United States Department of Justice; and (3) Defendant's approval of the Settlement by the Attorney General after the Court approves of the minor's Settlement. *See* Ex. A at 7–8.

The Settlement Amount is apportioned evenly, with Plaintiff E.S.M. and minor Plaintiff H.S.S. each receiving $157,500 in settlement of their claims against Defendant. *See* Ex. A at ¶ 3. All Plaintiffs' attorneys in this matter represent Plaintiffs *pro bono* and will not take payment from the Settlement Amount.

---

[1] The redactions in Exhibit A are instances where E.S.M.'s full name was used in the agreement rather than his initials or the pseudonym he was authorized to proceed under in this case.

The minor's portion of the Settlement will be placed in a pooled trust administered by the Mercer County Surrogate's Office in Trenton, New Jersey, where the Plaintiffs reside. The Mercer County Surrogate's Office routinely receives proceeds from lawsuits involving minors and holds those funds in the Surrogate's Intermingled Trust Fund and charges a $35 commission. The Surrogate's Office will release the money in its entirety to the minor when H.S.S. reaches 18 years of age. *See Guardianship of Minor's Property And/Or Person*, Mercer County, https://www.mercercounty.org/government/county-surrogate/guardianship-of-minor-s-property-and-or-person (last accessed Mar. 22, 2024).

## II.    Reasonableness of Settlement.

The district court in "which a minor's claims are being litigated has a duty to protect the minor's interests." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacaney v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *accord. Martinez v. City of Avondale*, No. CV-12-1837-PHX-LOA, 2014 WL 880492, at *2 (D. Ariz. Mar. 6, 2014) (approving compromise settlement of minor's claim). To make that determination, a district court should consider "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. If those factors are established, then the settlement should be approved. *Id.* at 1182.

Plaintiffs believe the proposed Settlement provides for a fair and reasonable allocation of the settlement proceeds to H.S.S. based on his circumstances and the status of the case.[2] Here, H.S.S. would receive an equal share of the settlement—$157,500—which provides the recovery of a sum certain and avoids the delay and risks of further litigation.

---

[2] Four other courts in this district have recently approved minor settlements in similar FTCA lawsuits stemming from forced family separations. *See* Order Approving Settlement of Minors' Claims, *A.I.I.L. v. United States*, Case No. CV-19-0481-TUC-JCH (D. Ariz. Mar.

Since their interests are aligned, E.S.M., as H.S.S.'s father, may approve the settlement and sign on his son's behalf. "Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest." *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (citing *Croce v. Bromley Corp.*, 623 F.2d 1084, 1093 (5th Cir. 1980)); *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), ("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under [Federal Rule of Civil Procedure] 17(c)."), *aff'd* 212 F.3d 1338 (11th Cir. 2000); *see also Texas Ins. Co. v. Athena Logistic Sols. LLC*, No. CV-23-00038-TUC-RM, 2024 WL 309942, at *2–3 (D. Ariz. Jan. 26, 2024) (noting that evidence would need to be presented to show that a parent put their interest over that of their child in order to show a conflict of interest); *Wright v. S. Ariz. Children's Advocacy Ctr.*, Case No. 21-CV-00257, 2023 WL 6517452, at *1 (D. Ariz. Oct. 5, 2023) (approving minor's settlement and finding that the court "need not appoint a guardian ad litem [because the] minor [was] adequately represented by a parent" who had "retained counsel [] to represent [the minor's] interests in [the] action").

Here, E.S.M. has represented his son's interests fairly throughout the litigation and during the settlement process. E.S.M. consulted with H.S.S. during the settlement conference and obtained H.S.S.'s approval to accept the government's settlement offer. The Settlement Amount further shows that E.S.M. has not placed his interest above those of H.S.S.—the Settlement Amount is being divided evenly between parent and child. In addition, E.S.M.'s interests are aligned with those of H.S.S. because both Plaintiffs seek damages for their alleged unlawful forced separation in 2018 by Defendant. *See* ECF No. 1.

12, 2024), ECF No. 134 (approving settlements of $97,500, $137,500, and $131,666 for the minor plaintiffs); Order Approving Settlement of Minors' Claims, *N.R. v. United States*, Case No. 4:23-CV-00201-JR (D. Ariz. Feb. 26, 2024), ECF No. 36 (approving settlements of $80,000, $140,000, and $90,000 for the minor plaintiffs); Order Approving Settlement of Minor's Claims, *Fuentes-Ortega v. United States*, Case No. CV-22-00449-PHX-DGC (D. Ariz. Feb. 2, 2024), ECF No. 84 (approving settlement of $50,000 for the minor plaintiff); Order Approving Settlement of Minor's Claims, *F.R. v. United States*, Case No. CV-21-00339-PHX-DLR (D. Ariz. Nov. 2, 2023), ECF No. 94 (approving settlement of $65,000 for the minor plaintiff).

H.S.S. is currently 17 years old and will turn 18 years old in December 2024. He resides with and is supported by his Plaintiff father, E.S.M., who will continue to care for his son for the next year and likely longer.

Given the absence of any conflict of interest between the Plaintiffs, this Court has the power to approve the Settlements and grant E.S.M. the authority to consummate the Settlement on behalf of H.S.S. *See Tex. Ins. Co.*, 2024 WL 309942, at *2–3.

### III.    Requested Action by the Court.

Plaintiffs ask the Court to enter the proposed Order submitted with this Motion, which would: (1) approve the Settlement of the Lawsuit for $315,000; (2) approve allocation of the Settlement such that each Plaintiff would receive half of the total share, with Plaintiff E.S.M. and minor Plaintiff H.S.S. each receiving $157,500; and (3) approve the placement of the minor's Settlement share into the Mercer County Surrogate's Court Intermingled Trust Fund. Plaintiffs' counsel will coordinate with Plaintiffs and the Mercer County Surrogate's Court for the execution of all necessary paperwork and the transfer of the minor's Settlement Share into the Mercer County Surrogate's Court Intermingled Trust Fund.

### IV.    Hearing.

The Court may approve this Settlement without a hearing. However, should the Court have any questions about the Settlement, Plaintiffs respectfully request that it conduct a hearing via telephone or video-teleconference to minimize costs.

Dated: March 22, 2024                                  Respectfully submitted,

*/s/Keith Beauchamp*
COPPERSMITH BROCKELMAN PLC
Keith Beauchamp
D. Andrew Gaona

SOUTHERN POVERTY LAW CENTER
James M. Knoepp*
Sharada Jambulapati*
Stephanie M. Alvarez-Jones*
150 E. Ponce de Leon Avenue, Suite 340

Decatur, GA 30030
Telephone: (404) 521-6700
jim.knoepp@splcenter.org
sharada.jambulapati@splcenter.org
stephanie.alvarezjones@splcenter.org

COVINGTON & BURLING LLP
Matthew J. Schlesinger*
Jason A. Carey*
Terra White Fulham*
Teresa S. Park*
Kathleen E. Paley*
Shadman Zaman*
Alison DiCiurcio*
Stephen Rees*
Patrick Lee*
Sumner Truax*
COVINGTON & BURLING LLP
One City Center, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5581
mschlesinger@cov.com
jcarey@cov.com
tfulham@cov.com
tpark@cov.com
kpaley@cov.com
szaman@cov.com
adiciurcio@cov.com
srees@cov.com
plee@cov.com
struax@cov.com
*Admitted pro hac vice

Counsel for Plaintiffs

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 22, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Sarah S. Letzkus
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7380
sarah.letzkus@usdoj.gov

*Counsel for Defendant*

*/s/ Keith Beauchamp*
Keith Beauchamp